**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID ALLEN HAFERKAMP,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-13-CA-260-SS** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

## I.  STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to two judgments and sentences of the 21st Judicial District Court of Washington County, Texas in cause numbers 11566 and 11567.  On August 4, 1994, Petitioner was convicted of two counts of aggravated sexual assault and was sentenced to 45 years in prison on each count to be served concurrently.  Petitioner's conviction in cause number 11566 was for an offense committed on or about July 1, 1990, and Petitioner's conviction in cause number 11567 was for an offense committed on or about July 1, 1985.[1]  Petitioner's convictions were affirmed on May 30, 1996.  Haferkamp v. State, No. 14-94-00829-CR, 1996 WL 283902 (Tex. App. – Houston 1996, no pet.).

Petitioner also challenged his convictions in state applications for habeas corpus relief filed on November 22, 1999.  The Texas Court of Criminal Appeals denied them without written order on April 12, 2000.  Ex parte Haferkamp, Appl. No. 44,920-01 and -02.  On August 7, 2000, Petitioner filed two more state writ applications.  The Court of Criminal Appeals dismissed them as successive.  Id. at -03 and -04.  Petitioner filed two more state habeas applications on November 28, 2011.  The Court of Criminal Appeals denied them without written order on February 22, 2012.  Id. at -05 and -06.  Petitioner filed a final state writ application on January 16, 2013.  The Court of Criminal Appeals dismissed it as successive on March 6, 2013.  Id. at -07.

---

[1] Petitioner was only statutorily eligible for mandatory supervision release for the conviction for the 1985 crime.  However, Texas law provides an inmate serving concurrent sentences, where one sentence is eligible for mandatory supervision and one is not, is not eligible for release until he discharges the ineligible sentence or is paroled.  Ex parte Alexander, 861 S.W.2d 921, 923-24 (Tex. Crim. App. 1993).

2

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      TDCJ-CID has violated the separation of powers by applying a calculation of his concurrent sentences that denies him release to mandatory supervision;

2.      TDCJ-CID violated the Ex Post Facto Clause of the Constitution by denying him release to mandatory supervision;

3.      The State lacked subject matter jurisdiction for one of his offenses which occurred more than five years before he was sentenced;

4.      The State failed to provide outcry testimony in support of one of Petitioner's convictions. The complainant did not come forward quickly enough to satisfy statutory requirements in place at the date of the crime; and

5.      He was not given fair warning that his sentences would be calculated in such a way that he would be delayed mandatory supervision release.

## II.   DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's convictions became final, at the latest, on June 29, 1996, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his convictions.  Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires).  At the time of his convictions, Petitioner with due diligence, could have also discovered that he would not be eligible for mandatory supervision release for his conviction for cause number 11566.  As mentioned by Respondent, Petitioner has not proposed any reason why he should have believed his ineligibility for such mandatory supervision release for his conviction in cause number 11566 would be ignored because he was also serving a concurrent sentence on which he was eligible.  Therefore, Petitioner had until June 29, 1997, to timely file a federal application for habeas corpus relief.  Petitioner did not execute his federal application until March 15, 2013, more than 15 years after the limitations period had expired.  Petitioner did not file his first state writ applications until

4

1999, after the limitations period had already expired.  Therefore, none of his state applications tolled the one-year limitations period.  Accordingly, Petitioner's federal application is time-barred.[2]

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

_____

[2] In state writ applications -05 and -06 Petitioner indicates the Board of Pardons and Paroles informed him the only way he will be released from TDCJ is to completely discharge his sentence in Cause No. 11566 or be released on parole.  Ex parte Haferkamp, Appl. No. 44,920-05 and -06 at 44 and 42, respectively.  Even if the Court considered September 25, 2010, as the date Petitioner should have known of his claims, his federal application is still time-barred.  Petitioner did not execute his state writ applications, challenging the failure to release him on mandatory supervision, until November 16, 2011, after the one-year limitations period had already expired.  Accordingly, Petitioner's state writ applications did not operate to toll the limitations period which expired on September 25, 2011, using the most liberal calculation of the accrual date.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of July, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE